Filed 6/26/13  In re S.B. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re S.B. et al., Persons Coming Under the Juvenile Court Law. | B244967 (Los Angeles County Super. Ct. No. CK95010) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICHARD R.,<br><br>    Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Sherri Sobel, Juvenile Court Referee.  Affirmed.

Roni Keller, under appointment by the Court of Appeal for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, Navid Nakhjavani, Deputy County Counsel, for Plaintiff and Respondent.

* * * * * * *

We affirm the juvenile court's jurisdictional order finding jurisdiction over Richard R.'s (father's) children S.B. and F.R. and ordering them placed outside his custody. Substantial evidence supported the jurisdictional order. We also affirm the juvenile court's dispositional order, finding no abuse of discretion in the court's disposition placing the children outside of father's care.

## FACTS AND PROCEDURE

F.R. came to the attention of the Los Angeles County Department of Children and Family Services (DCFS) in August 2012 because mother had an elevated blood alcohol level when F.R. was born. Mother admitted to drinking and using methamphetamine during her pregnancy. When F.R. was born, she suffered from respiratory distress and required extended hospitalization.

On August 14, 2012, DCFS filed a petition naming F.R. and F.R.'s one-year-old sister S.B. as dependent children. The petition, as later sustained alleged: "The children [S.B.] and [F.R.'s] mother, Sara . . . , has a history of substance abuse and is a recent user of methamphetamine and alcohol which periodically renders the mother unable to provide regular care for the children. The children's father, Richard . . . , has a recent history of marijuana abuse which periodically rendered the father unable to care for the children. [T]he mother had a positive toxicology screen for methamphetamine and alcohol upon the child [F.R.'s] birth. The mother's substance abuse and father's recent history of marijuana abuse endangers the children['s] physical health and safety and places the children at risk of harm." At the detention hearing on August 14, 2012, father requested custody of S.B. and F.R.[1]

Mother reported that father was unaware of her drug use and did not use drugs. Mother, however, reported father was aware that she drank alcohol. Father denied knowing about mother's drug use, but acknowledged going to mother's house every day.

---

[1] There is no merit to DCFS's argument that father never requested custody of the children. In addition to requesting custody from the court, father also informed DCFS he wanted custody of the children.

2

With respect to father's drug use, father admitted he previously was a heavy marijuana user but denied current use. Father started using marijuana when he was 10 or 11 years old. Father also admitted to previously using methamphetamine. Notwithstanding father's denials of current drug use, other evidence suggested father's marijuana use was more recent. Father told the nurse at the hospital where F.R. was born that he was "the one who uses pot." Father's friend told a social worker father recently smoked marijuana. Father failed to submit to random drug testing both on August 21, 2012, and September 4, 2012.

Father has a lengthy criminal history dating back to 1994. His 14 convictions included a 1997 conviction for possession of a controlled substance, a 1997 conviction for transportation of a controlled substance, a 1998 conviction for transportation of a controlled substance, two 2003 convictions for possession of a controlled substance, two 2006 convictions for possession of a controlled substance, and a 2007 conviction for possession of a controlled substance. During the pendency of these proceedings, father was convicted of carrying a concealed dirk or dagger and of driving with a suspended license.

During the pendency of these proceedings, father was angry with hospital workers and social workers about this case. A nurse at the hospital reported that father "was very anxious and was jittery" over F.R.'s test results. Police were forced to handcuff father when S.B. was removed from the home because father yelled and was unable to calm down. Father later called the social worker and informed her that he did not want to attend a court hearing because he did not "have anything to do with the case."

Father did not appear at the combined jurisdictional and dispositional hearing and he presented no witnesses at that hearing. The court sustained the petition, declared S.B. and F.R. dependents of the juvenile court and ordered them to remain outside of father's custody.

## DISCUSSION

Father argues that the evidence of his marijuana use was marginal, and no evidence showed S.B. or F.R. were at risk from father's marijuana use.[2] "'We review the juvenile court's jurisdictional findings for sufficiency of the evidence. [Citations.] We review the record to determine whether there is any substantial evidence to support the juvenile court's conclusions, and we resolve all conflicts and make all reasonable inferences from the evidence to uphold the court's orders, if possible. [Citation.] "However, substantial evidence is not synonymous with any evidence. [Citations.] A decision supported by a mere scintilla of evidence need not be affirmed on appeal. [Citation.] Furthermore, '[w]hile substantial evidence may consist of inferences, such inferences must be "a product of logic and reason" and "must rest on the evidence" [citation]; inferences that are the result of mere speculation or conjecture cannot support a finding [citations].' [Citation.] 'The ultimate test is whether it is reasonable for a trier of fact to make the ruling in question in light of the whole record.' [Citation.]" [Citation.]'" (*Drake M., supra*, 211 Cal.App.4th at p. 763.)

Use of marijuana without more is insufficient to support jurisdiction. (*Drake M., supra*, 211 Cal.App.4th at p. 764.) But, with respect to very young children, such as S.B. and F.R. "the finding of substance abuse is prima facie evidence of the inability of a parent or guardian to provide regular care resulting in a substantial risk of physical harm." (*Id.* at p. 767.) A finding of substance abuse for purposes of Welfare and Institutions Code section 300 may rest on "'recurrent substance-related legal problems.'" (*Drake M., supra*, at p. 766.) Here, father's numerous convictions for possession and transportation of a controlled substance support the juvenile court's implicit finding of substance abuse, which supports jurisdiction. The juvenile court was not required to credit father's denials of current use or abuse, especially in light of other evidence of recent use. Father's efforts on appeal to minimize his use are inconsistent with the

_____

[2] Mother is not a party to this appeal. Although mother does not contest jurisdiction over her, we nevertheless consider father's argument because the outcome of this appeal determines whether father is an offending parent and may have implications with respect to further proceedings. (*In re Drake M.* (2012) 211 Cal.App.4th 754, 763 (*Drake M.*).)

4

entire record showing substance abuse and distinguishing this case from those finding usage alone is insufficient. (Cf. *Jennifer A. v. Superior Court* (2004) 117 Cal.App.4th 1322, 1346 [finding of detriment unsupported when no evidence of substance abuse or link between use of marijuana and parenting skills].) Substantial evidence supported the juvenile court's jurisdictional order. (See *In re Alexis E.* (2009) 171 Cal.App.4th 438, 453 [although use of marijuana alone is insufficient, behavior related to use may support jurisdiction].)

Finally, father challenges the dispositional order. Father argues he was a nonoffending parent, but that is not correct as the court sustained allegations against him and we concluded those allegations are supported by substantial evidence. Father demonstrates no abuse of discretion in determining that placement of S.B. in father's care would be detrimental to S.B. (See *Drake M., supra*, 211 Cal.App.4th at p. 770 [appellate court reviews dispositional order for abuse of discretion].) Although father had requested custody of S.B. and F.R., father made no showing that he would be able to provide a safe home and care for them. He neither testified nor presented any evidence he was prepared to assume custody of them. Moreover, F.R. could not be released to father's custody as F.R. remained hospitalized. Father failed to regularly submit to his random drug testing. Father does not show the placement of F.R. and S.B. outside his custody constituted an abuse of discretion.

## DISPOSITION

The jurisdictional and dispositional orders are affirmed.

FLIER, J.

We concur:

BIGELOW, P. J.

GRIMES, J.

5